*342 The opinion of the Court was delivered by
Fbost, J.
The condition of the bond is that “ the Bank of Georgetown shall save harmless the said Thomas N. Gadsden from all damage which he may sustain by reason of the making of the said order (for injunction), and the issuing of the said writ of injunction.” The jury found for the plaintiff $1204 90 as for interest, and $926 50 for counsel fee and other expenses paid, (including $150 for the present cause), if the Court should be of opinion the plaintiff is entitled in law to recover the same.
The first inquiry is, whether the plaintiff is entitled to recover the amount of counsel fees and expenses paid by him in his de-fence of the suit in Equity by the Bank of Georgetown, and in the prosecution of this case.
Since the expenses claimed as damages were incurred in the defence of Gadsden to the suit in equity, it is proper to enquire what is the rule in that Court on the subject. “ In the taxation of costs, as between party and party, the principle is, to have a fixed allowance for every proceeding in a suit, which is not to be varied to meet the circumstances of any particular case. Thus the 13s. 4d. which is allowed as instructions for bill, covers in every case all the trouble which the solicitor has in getting together the materials for the suit.” “ On taxation between a solicitor and his own client, or of costs, as between solicitor and client, to come out of a fund belonging solely to the client, the solicitor is not only entitled to be paid for such proceedings as he took necessarily, and in the exercise of a sound discretion, but also for proceedings not necessary, which the client directed to be taken, after being made to understand the circumstances of the case. (2 Smith Ch. Pr. 637, et seq.) Thus, in Equity, the expenses of the suit are distinguished from costs, and are not allowed as between party and party. Costs in that jurisdiction are discretionary, and it would be in the power of the Court, in a case proper for such amercement, to decree that either party should pay, not only the costs, but also the expenses of his adversary. The payment of costs is expressly or impliedly provided for in every decree. If Gadsden had made a proper case to *343 charge the Bank of Georgetown with his expenses, as well as costs, in defending the suit, he should have made that claim in the Court of Equity. The decree contained no order to that effect: and the claim for his expenses in this suit must be regarded as res judicata.
But if this objection to the plaintiff’s recovery be waived, the rule of the common law does not allow the expenses of a suit in actions on contract to be recovered as damages, in actions of tort, in which damages are discretionary with the jury, they are permitted : and in many cases they may be advised to include, in the estimate of damages, the trouble and expenses which the plaintiff has incurred in prosecuting his action. The Court cannot enquire whether the damages have been so increased : and would not interfere with the verdict, whether they were or not. But if the issue of the case be in favor of the defendant, he cannot recover compensation for his expenses, either by the verdict or by any other action. The claim of the defendant to be indemnified for his charges in the suit, is as well founded, in justice and policy, as the claim of the plaintiff: and the denial of any such claim by the defendant, is conclusive against the same claim by the plaintiff. No case has been cited to maintain the recovery of the expenses of a suit, by way of damages, as a legal claim. Duffield vs. Scott, 3 T. R. 374, cited for the plaintiff, was an action of debt on a bond to indemnify the plaintiff “ in the most general terms, against his wife’s debts, and against all demands by reason of any matter, cause or thing, whatsoever, concerning herand it was decided that the defendant was liable for the costs recovered against the plaintiff, in an action against him, by a creditor of his wife. The case of Sjiarkes vs. Martindale, (8 East, 593), is so wide apart from the question in this case, that it is unnecessary to make a statement of it. Some Admiralty cases were cited, but they have no analogy to a suit at common law with respect to costs. “ In Courts of Admiralty, costs and expenses are allowed, not technically as costs, but upon the same principle as they are often allowed, as damages, by the Courts of common law, as a recompense for injuries sus *344 tained or as exemplary damages.” (Boston Manf. Comp. vs. Fiske, 2 Mason, 121.) There is no legal claim to such damages in a Court of Law. The Judge, in Admiralty, exercises the discretion with respect to them, which in a common law Court is confided to the jury. In Arcambel vs'. Wiseman, (3 Dali. 306), by a decree in the Circuit Court of the United States, counsel fees were allowed, as damages. On appeal, it was adjudged that the charge should not be allowed. The judgment of the Court is rested almost entirely on the ground that “ the general practice of the United States is in opposition to it.” That case was followed by Whittemore vs. Cutter, (1 Gall. 436), in which it is laid down “ that extraordinary expenses, such as counsel fees and expenses of witnesses, beyond the taxable costs, ought not to be considered as items of actual damage.” The action was for the infringement of a patent. They had been allowed by Judge Story, in the Circuit Court, “ on the same principle as damages in cases of mere tort are allowed.” In the case of the Boston Manf. Comp. vs. Fiske, (2 Mason, 121), which was also an action for the infringement of a patent, these cases were reviewed and reversed, Judge Story delivering the judgment of the Court. But this decision does not affect the question in this case. The infringement of a patent is a tort: and the damages are allowed, in such a case, in the exercise of a discretion which pertains to the jury. The special verdict submits the liability of the Bank to the payment of Gadsden’s expenses, in defending the suit in Equity, to the Court; and it must be decided as a question of law. In Brown vs. Spann, (3 Hill, 324), it was held that, in action on a trover bond, the defendant was not chargeable with the expenses of the plaintiff in defending the action of trover, between the same parties, in which the plaintiff (who was defendant in the trover suit) recovered judgment.
The other question submitted to the judgment of the Court, by the special verdict, is, whether the plaintiff is entitled to recover interest on the fund enjoined, pending the suit in Equity. This requires an examination into the meaning and effect of the condition, that “ the Bank of Georgetown shall save harmless *345 the said Thomas N. Gadsden from all damage which he may sustain, by reason of the making the said order, and the issuing of the said writ of injunction, in accordance therewith.” The first and immediate consequence of the order and injunc-, tion was, that all proceedings on the judgment at law, of Gadsden against Gasque, were superseded : and the case transferred' into the Court of Equity, with the addition of the Bank of Georgetown as a party. That Court thereby acquired complete jurisdiction of the whole subject, and of the rights of all the parties. The granting of the order was a judicial act, by which jurisdiction was assumed, under a specific power of that Court. All the proceedings which ensued were in the regular course of the suit. What damage, then, did the plaintiff sustain by reason-of the said order and the injunction in pursuance thereof, for which the defendant is liable to make compensation in damages to the plaintiff? Damage is the loss or injury which results from an unlawful act. If loss results from an act, not unlawful, it is damnum absque injuria, a loss without a wrong. To affirm that the plaintiff sustained damage by reason of the said order and injunction, is to affirm that the defendant’s resort to the Court of Equity, by invoking the exercise of the jurisdiction in a case of injunction, was unlawful: and that the defendant is liable to compensate the plaintiff, by way of damages, for any loss or prejudice to his rights, which, in the judgment of a Court of law, the plaintiff sustained by the proceedings in the Court of Equity. The jurisdiction of the Court of Equity was continued and supported, through all the proceedings in the suit to the final decree, by the. order for 'injunction. If that had been dissolved, the jurisdiction would have ceased, the subject of litigation would have been released, and the plaintiff would have levied his execution. If the plaintiff can recover damages sustained by reason of the order for the injunction, the defendant must be equally liable for damages sustained by reason of the decree. If the defendant is not protected by an interlocutory order or decree, he must be equally unprotected by the final decree. It is the fundamental law of all Courts, that orders, made within the sphere of *346 their jurisdiction, must protect suitors as well as all other persons acting in obedience to them. A bond thus taken by the Commissioner in Equity from the Bank of Georgetown, on the granting of the order for injunction, conditioned to save Gadsden harmless from all damage he might sustain, by reason of the order, is incompatible with the jurisdiction of the Court and void. When, by the injunction, the Court of Equity took jurisdiction of the judgment at law, it had full power to adjust and decide the rights of all the parties to the suit and do complete justice in the cause. The decree of the Court was final and conclusive of all their rights. No right, redress or compensation which either party might claim against the others, not allowed by the decree, can be asserted and prosecuted in a Court of Law. The Bank of Georgetown had the right to resort to the Court of Equity for the protection of its interests, against the claim of Gadsden, on his judgment against Gasque ; and if the Court of Equity impounded the fund in dispute to abide the final decree in the cause, the Bank cannot be liable to pay to Gadsden the interest, of which he was deprived pending the litigation.
The proper and necessary condition of an injunction bond must be, to abide by and perform the decree of the Court. A bond conditioned to pay any damage the obligee may sustain, by any act or default of the obligor, does not create a liability for damages. It seems only as a security for the payment of damages, which must accrue independently of the bond. If the obligee chooses to relinquish the security afforded by the bond, he might recover the damages in any other proper form of action. If the plaintiff has sustained damage by the act of the defendant ; that is, if the plaintiff has suffered loss by the unlawful act of the defendant, he may recover compensation in an action on the case. But can any instance be found of an action on the case to recover damages sustained by the plaintiff, in consequence of the defendant having filed a bill in Equity against him, and in the progress of the suit having obtained and enforced decretal orders against the plaintiff to his loss and damage?
But what redress can the plaintiff claim against the grant of *347 the injunction? It is a proceeding within the acknowledged jurisdiction of the Court of Equity. If it was granted or continued unadvisedly, is the party to whom it is granted liable to indemnify the adversary party in damages for the erroneous judgment of the Commissioner or Chancellor? Such errors are corrected by appeal, and not repaired by damages. The amount of the judgment was not, on the giving of the bond, paid to the Bank of Georgetown: nor was any order made that Godbold, the sheriff, should pay it into Court. If the fund had been paid into Court, could the Bank have been charged with the interest ? If Godbold had filed, a bill of interpleader between the Bank and Gadsden, and paid the money into Court, a case not unlike the present, could the prevailing party have claimed interest on the fund while impounded, as damages against Godbold ? In another view of the case Gadsden has no equity. He might have moved for a dissolution of the injunction at any time after he had filed his answer, when it must’be assumed, if wrongful, it would have been dissolved. He never made any motion, and the loss he suffered, if it could at all be regarded as wrongful, was by his own acquiescence; volenti non Jit injuria.
It is ordered, the plaintiff’s motion be dismissed, and that the postea be delivered to the defendant.
O’Neall and Wardlaw, JJ. concurred.
Withers, J. I think, if the bond be valid at all, the interest ought to have been recovered by the plaintiff.
Whitner, J. absent.